IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Freda Stevens, | Case No.: 3:24-cv-6298-SAL-SVH |
| Plaintiff, | |
| vs. | |
| Kershaw County School District, Doby's Mill Elementary School, Sharon Lewis, and Shelby Troublefield, | **OPINION AND ORDER** |
| Defendant. | |

Earlier today Plaintiff filed a complaint alleging Kershaw County School District, Doby's Mill Elementary School, Sharon Lewis, and Shelby Troublefield (collectively "Defendants") violated her rights under state and federal law.[1] This matter is before the court on Plaintiff's motion for a temporary restraining order or preliminary injunction to prevent Defendants from enforcing a trespass notice issued by the Kershaw County Sheriff's Office preventing her from entering the premises of Doby's Mill Elementary School. [ECF No. 2]. In her motion, Plaintiff represents, among other impediments, the trespass notice prevents her from "voting in any future elections on the Day of Election as DME is Plaintiff's polling location." *Id.* at

---

[1] Plaintiff has filed a motion to proceed in forma pauperis [ECF No. 4], which has not yet been ruled on by the assigned Magistrate Judge. The case is subject to initial review pursuant to 28 U.S.C. § 1915, and a summons has not yet been issued.

6. The court defers consideration of Plaintiff's motion generally and addresses only her allegation as it pertains to her right to vote in the general election scheduled for November 5, 2024.

The United States Supreme Court has stated that to obtain a temporary restraining order or a preliminary injunction, a plaintiff must establish: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021). The court has considered these issues and finds Plaintiff has established sufficient grounds for the issuance of a temporary restraining order as limited herein. Although the information she provided is not sufficient for the court to determine that Plaintiff is likely to succeed on the merits, "[i]t is beyond cavil that 'voting is of the most fundamental significance under our constitutional structure.'" *Burdick v. Takushi*, 504 U.S. 428, 433 (1992) (quoting *Illinois Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 184 (1979)). If Plaintiff is unable to vote in tomorrow's election, she will suffer the irreparable harm of having lost her ability to participate in the voting process. The balance of equities tips in Plaintiff's favor in this matter. Although Defendants presumably have a legitimate

interest in prohibiting Plaintiff from entering the premises of Doby's Mill Elementary School due to a conflict with school officials, an order that permits her to enter the premises for the limited purpose of voting on one day will not fundamentally affect Defendants' interests and concerns. According to the Kershaw County School District's online calendar, November 5, 2024, is a school holiday. Therefore, it seems that students and most faculty and staff will not be in the building. Kershaw County School District, available at https://www.kcsdschools.net/ calendar (last accessed Nov. 4, 2024). Finally, because voting is a fundamental right and students and school personnel should not be affected by Plaintiff's entry onto Doby Mill Elementary School's premises for the limited purpose of casting a vote, an injunction is in the public interest.

In light of the imminence of the general election scheduled on November 5, 2024, the court grants Plaintiff's motion in part, defers judgment as to the remaining allegations in the complaint and motion, and suspends the no trespass order for the limited purpose of allowing Plaintiff to enter Doby's Mill Elementary School on November 5, 2024, cast a vote, and immediately leave the premises.

IT IS SO ORDERED.

November 4, 2024                              Sherri A. Lydon
Columbia, South Carolina                      United States District Judge